SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
ghalling@sheppardmullin.com
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
mscarborough@sheppardmullin.com
DYLAN BALLARD, Cal. Bar No. 253929
dballard@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947

Attorneys for Non-Parties
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG SEMICONDUCTOR, INC. and
SAMSUNG ELECTRONICS AMERICA, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIC PRIVATE LIMITED,<br><br>        Plaintiff,<br><br>QUALCOMM INCORPORATED,<br><br>  Defendant. | Case No. 18cv463-BEN (MSB)<br><br>**ORDER GRANTING NON-PARTY SAMSUNG ENTITIES' ASSENTED-TO MOTION TO SUPPLEMENT THE PROTECTIVE ORDER**<br><br>**[ECF NO. 51]** |

WHEREAS the Court entered a Protective Order Governing Confidential Material in *GIC Private Ltd. v, Qualcomm Inc.*, No. 3:17-cv-00463-BEN-MSB (Dkt. No. 30, May 29, 2019), which is referred to herein as the "Protective Order" with respect to the Action in which the instant Supplemental Protective Order regarding Nonparty Samsung Entities' material is entered; and,

WHEREAS Section 10.1 of the Protective Order states that its provisions should not be construed as prohibiting a Non-Party from seeking additional protections for its confidential materials;

WHEREAS now before the court is Non-Parties Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc. and Samsung Electronics America, Inc.'s (collectively, the "Samsung Non-Party Entities" or "Samsung") Assented-To Motion to Supplement Protective Order ("Motion"). Having considered the Motion, the Court hereby GRANTS the motion.

WHEREFORE IT IS HEREBY ORDERED that the terms of the Protective Order apply to "SAMSUNG MATERIAL" (defined below), except as modified as herein:

**A.** **Definitions**

1. "SAMSUNG MATERIAL":  includes any Disclosure and Discovery Materials produced by Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc. and Samsung Electronics America, Inc. or obtained from Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc. and Samsung Electronics America, Inc. or Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc. and Samsung Electronics America, Inc. witnesses in this case.

2. "SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items:  refers to any SAMSUNG MATERIAL that satisfy the requirements of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items in Section 2.8 of the Protective Order.

3. "SAMSUNG PROTECTED MATERIAL":  includes SAMSUNG MATERIAL designated as either CONFIDENTIAL or SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.

**B.   Designation of Protected Material**

4.   Any SAMSUNG MATERIAL may be designated CONFIDENTIAL in accordance with the terms of the Protective Order, including Section 5.4.

5.   Notwithstanding the provisions of Section 5 of the Protective Order, Samsung Non-Party Entities shall designate its HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items as "SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."  In addition, any Information or Items designated by Samsung Non-Party Entities as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in this case shall be deemed designated as "SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" following entry of this Order.  Otherwise, all provisions governing the manner and timing of the designation of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items apply to the designation of SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items.

**C.   Access to and Use of Samsung Protected Material**

6.   Except as modified herein, SAMSUNG MATERIAL designated CONFIDENTIAL pursuant to the Protective Order shall be treated in accordance with the provisions of the Protective Order that govern the treatment of CONFIDENTIAL Information or Items, including, without limitation, Section 7.

7.   Unless otherwise ordered by the Court or permitted in writing by the Samsung Non-Party Entities, SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items shall not be disclosed, directly or indirectly, to anyone except the following:

(a)   persons who appear on the face of the Protected Material as an author, addressee, or recipient, or who are the custodians of the Protected Material;

(b)   Outside Counsel of Record for a Party in this Action, as well as employees of said Outside Counsel of record (1) who do not provide commercial advice (as opposed to legal advice) to said Party and (2) to whom it is reasonably necessary to disclose the information for this litigation;

1    (c) The Court and its personnel;

2    (d) court reporters and their staff, trial consultants, and Professional Vendors to
3 whom disclosure is reasonably necessary for this litigation and who have signed the
4 "Acknowledgement and Agreement to Be Bound" attached as Exhibit A to the Protective Order;

5    (e) Experts (as defined in the Protective Order), subject to the provisions and
6 limitations set forth in Section D below;

7    (f) witnesses as permitted in Paragraph 14 of this Order; and

8. Each person to whom SAMSUNG PROTECTED MATERIAL may be disclosed, and who is required to sign the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A to the Protective Order, shall do so prior to the time such SAMSUNG PROTECTED MATERIAL is disclosed to him or her. Counsel for a Party who makes such a disclosure shall provide the recipient a copy of this Order as well as the Protective Order. Counsel for a Party who makes any disclosure of Protected Material shall retain each original executed acknowledgment and, upon written request, shall provide copies to outside counsel for all other Parties at the termination of this Action.

**D. Access by Experts**

9. Unless otherwise ordered by the Court or agreed to in writing by the Samsung Non-Party Entities, a Receiving Party that seeks to disclose to an Expert (as defined in the Protective Order) any information or item that has been designated SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY first must make a written request by email to outside counsel for Samsung Non-Party Entities that (1) identifies the general categories of SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city or state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a

litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of the court) any litigation in connection with which the Expert has offered expert testimony, including through declaration, report, or testimony at a deposition or trial, during the preceding five years.[2]

10. A Receiving Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within five business days of delivering the request, the Receiving Party receives a written objection from Samsung Non-Party Entities. Any such objection must set forth in detail the grounds on which it is based.

11. A Receiving Party that receives a timely written objection from Samsung Non-Party Entities must meet and confer with Samsung (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure and Samsung Non-Party Entities may file a joint discovery letter brief with the assigned magistrate judge requesting that the Court resolve the matter. Any such joint letter brief must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such joint letter must describe the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by Samsung Non-Party Entities for its refusal to approve the disclosure. If no agreement is reached, no SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items shall be disclosed to the Expert unless or until the Court grants the Receiving Party permission to do so.

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Receiving Party seeking to disclose to the Expert shall be available to meet and confer with Samsung Non-Party Entities regarding any such engagement.

[2] Samsung Non-Party Entities will keep the Receiving Party's written request, and all information disclosed therein, confidential and will not disclose that information to anyone outside of Samsung, including any other Party.

1      12. In any such proceeding, Samsung Non-Party Entities shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**E.    Use of Protected Material**

13. Use of Designated Material at Depositions and During Trial Testimony. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions, hearings, and trial and may testify concerning SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a) A present director, officer, agent, employee and/or designated Rule 30(b)(6) witness of Samsung Non-Party Entities [3] may be examined and may testify concerning SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items;

(b) A former director, officer, agent and/or employee of Samsung Non-Party Entities may be interviewed, examined, and may testify concerning SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items of which he or she has prior knowledge, including any material that refers to matters of which the witness has personal knowledge, that has been produced by a Party or Samsung, and that pertains to the period or periods of his or her prior employment with Samsung Non-Party Entities;

(c) Any other witness may be examined at deposition or otherwise testify concerning any document containing SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items that appears on its face or from other documents or testimony to have been received from or communicated to that witness as a result of any contact or relationship with Samsung Non-Party Entities, or a representative of Samsung; and

(d) At deposition, any person other than the witness, his or her attorney(s), and any person qualified to receive SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE

---

[3] Nothing in this Order addresses whether or not any such persons are the proper subjects of any subpoena.

ATTORNEYS' EYES ONLY Information or Items under this Order shall be excluded from the portion of the examination concerning such information, unless Samsung Non-Party Entities consent to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide an "Acknowledgement and Agreement to Be Bound" attached as Exhibit A to the Protective Order, and to confirm that he or she will comply with the terms of this Order and maintain the confidentiality of SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items disclosed during the course of the examination. In the event that such attorney declines to sign the "Acknowledgement and Agreement to Be Bound" prior to the examination, Samsung Non-Party Entities may seek a protective order from the Court, in a motion to which the Parties will not object, prohibiting such attorney from disclosing SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items.

14. Use of Designated Material at Trial or Hearings. SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items may not be disclosed, directly or indirectly, in an open hearing without prior written consent from Samsung Non-Party Entities. If the disclosing party wishes to obtain that consent from Samsung Non-Party Entities, it must notify Samsung's outside counsel of its intent to disclose such material at least seventy-two (72) hours in advance of such disclosure, and describe the materials to be disclosed with reasonable particularity. Otherwise, the disclosing party must first request that the courtroom be sealed, and that only those authorized to review SAMSUNG HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items remain during the presentation of such material.

15. Inadvertent Production of Privileged or Otherwise Protected Material. Upon a request from any Samsung Non-Party Entity who has inadvertently produced Samsung Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to Samsung, or destroy such Samsung Discovery Material and certify that destruction to Samsung. Nothing herein shall

prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Samsung Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.  Each Samsung Non-Party Entity agrees that in the event that the Court issues an order compelling production of the Protected Material or Discovery Material that the Samsung Non-Party Entity claimed as privileged or protected, the Samsung Non-Party Entity will reproduce the Discovery Material within two (2) business days of the Court's order.

16. Filing of Designated Material.  The provisions of Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2 shall govern the lodging and filing of any SAMSUNG PROTECTED MATERIAL, including, without limitation, the process by which the Samsung Non-Party Entities must establish that such material is sealable.  The Parties shall give prompt notice to the Samsung Non-Party Entities of any Samsung Protected Material that a Party has lodged provisionally under seal pursuant to the terms of the Protective Order.  Unless otherwise ordered by the Court, Samsung Non-Party Entities shall have 7 days from the date of such notice to file with the Court and serve a declaration establishing that any such material is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

17. This Supplemental Protective Order incorporates by reference all provisions of the Protective Order entered by this Court in this Action to the extent not expressly referenced herein, except where there is a conflict between the terms of this Supplemental Protective Order and such protective Order, in which case this Supplemental Protective Order shall govern.

**IT IS SO ORDERED.**

Dated: October 18, 2019

HONORABLE MICHAEL S. BERG
UNITED STATES MAGISTRATE JUDGE