# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIC PRIVATE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 18cv463-BEN (MSB)<br><br>**ORDER GRANTING NON-PARTY LG ELECTRONICS U.S.A., INC.'S ASSENTED-TO MOTION TO SUPPLEMENT THE PROTECTIVE ORDER** |

WHEREAS the Court entered a Protective Order Governing Confidential Material in *GIC Private Ltd. v, Qualcomm Inc.*, No. 18cv463-BEN (MSB) (ECF No. 30, May 29, 2019), which is referred to herein as the "Protective Order" with respect to the Action in which the instant Supplemental Protective Order regarding Non-party LG Electronics U.S.A., Inc.'s ("LGE") material is entered; and,

WHEREAS Section 10.1 of the Protective Order states that its provisions should not be construed as prohibiting a Non-Party from seeking additional protections for its confidential materials;

WHEREAS now before the court is Non-party LGE's Assented-To Motion to Supplement Protective Order ("Motion"). Having considered the Motion, the Court hereby **GRANTS** the motion.

**WHEREFORE IT IS HEREBY ORDERED** that the terms of the Protective Order apply to "LGE MATERIAL" (defined below), except as modified as herein:

### A. Definitions

1. "LGE MATERIAL" includes (1) any Disclosure and Discovery Material produced by LGE or obtained from LGE witnesses in this case or (2) any Disclosure and Discovery Material produced by another party or non-party in this action that contains LGE's confidential information.

2. "LGE CONFIDENTIAL" Information or Items refers to any LGE MATERIAL that satisfies the requirements of CONFIDENTIAL Information or Items in Section 2.3 of the Protective Order.

3. "LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items refers to any LGE MATERIAL that satisfies the requirements of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items in Section 2.8 of the Protective Order.

4. "LGE PROTECTED MATERIAL" includes LGE MATERIAL designated as either LGE CONFIDENTIAL or LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.

### B. Designation of Protected Material

5. Notwithstanding the provisions of Section 5 of the Protective Order, LGE shall designate its CONFIDENTIAL Information or Items as "LGE CONFIDENTIAL." In addition, any Information or Items designated by LGE as CONFIDENTIAL in this case shall be deemed designated as "LGE CONFIDENTIAL" following entry of this Order. Otherwise, all provisions governing the manner and timing of the designation of CONFIDENTIAL Information or Items apply to the designation of LGE CONFIDENTIAL Information or Items.

6. Notwithstanding the provisions of Section 5 of the Protective Order, LGE shall designate its HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items as "LGE HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY." In addition, any Information or Items designated by LGE as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in this case shall be deemed designated as "LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" following entry of this Order. Otherwise, all provisions governing the manner and timing of the designation of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items apply to the designation of LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items.

7. If pursuant to Section 10.2 of the Protective Order or otherwise, a party or non-party provides notice to LGE of its intent to produce a Disclosure or Discovery Material that contains LGE's confidential information, LGE may within fourteen (14) days after receiving the notice request that the Producing Party designate the information as "LGE CONFIDENTIAL" or "LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." If the request is timely received, the Producing Party shall so designate the information prior to producing the Disclosure or Discovery Material. The protections conferred by this Supplemental Protective Order shall apply only to the extent that the Receiving Party has received actual notice of LGE's designation of the LGE Protected Material as "LGE CONFIDENTIAL" or "LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

C. **Access to and Use of LGE Protected Material**

8. Except as modified herein, LGE PROTECTED MATERIAL designated "LGE CONFIDENTIAL" pursuant to the Protective Order shall be treated in accordance with the provisions of the Protective Order that govern the treatment of CONFIDENTIAL Information or Items, including, without limitation, Section 7.

9. In addition to the procedures outlined in Section 7, a Receiving Party that seeks to disclose LGE PROTECTED MATERIAL designated "LGE CONFIDENTIAL" shall provide to LGE's outside counsel the same notice that is required to be sent to the Producing Party under Section 7.6(a) and 7.6(b). A

Receiving Party that makes a request and provides to LGE the information specified in Section 7.6(a) and 7.6(b) may disclose the subject LGE PROTECTED MATERIAL to the identified persons unless, within seven (7) days of delivering the request and providing all the information required to be disclosed by Section 7, the Party receives a written objection from LGE that complies with the requirements of Section 7.6(c). A Party that receives a timely written objection from LGE shall follow the procedures described in Section 7.6(d) for meeting and conferring with LGE and for filing a motion as provided in Civil Local Rule 7.1. In any such proceeding, LGE shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the documents designated as "LGE CONFIDENTIAL."

10. Unless otherwise ordered by the Court or permitted in writing by LGE, LGE PROTECTED MATERIAL designated as "LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall not be disclosed, directly or indirectly, to anyone except the following:

a. persons who appear on the face of the Protected Material as an author, addressee, or recipient, or who are the custodians of the Protected Material;

b. Outside Counsel of Record for a party in this Action, as well as employees of said Outside Counsel of record (1) who do not provide commercial advice (as opposed to legal advice) to said party and (2) to whom it is reasonably necessary to disclose the information for this litigation;

c. the Court and its personnel;

d. court reporters and their staff, trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A to the Protective Order;

e. experts (as defined in the Protective Order), subject to the provisions and limitations set forth in Section D below; and

f. witnesses as permitted in Paragraph 14 of this Order.

11. Each person to whom LGE PROTECTED MATERIAL may be disclosed, and who is required to sign the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A to the Protective Order, shall do so prior to the time such LGE PROTECTED MATERIAL is disclosed to him or her. Counsel for a party who makes such a disclosure shall provide the recipient a copy of this Order as well as the Protective Order. Counsel for a party who makes any disclosure of LGE PROTECTED MATERIAL shall retain each original executed acknowledgment and, upon written request, shall provide copies to outside counsel for all other Parties at the termination of this Action.

### D. Access by Experts

12. Unless otherwise ordered by the Court or agreed to in writing by LGE, a Receiving Party that seeks to disclose to an Expert (as defined in the Protective Order) any information or item that has been designated as "LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" first must make a written request by email to outside counsel for LG that (1) identifies the general categories of LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city or state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Receiving Party in this action seeking to disclose the LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items to the Expert shall be available to meet and confer with LGE regarding any such engagement.

the case, filing date, and location of the court) any litigation in connection with which the Expert has offered expert testimony, including through declaration, report, or testimony at a deposition or trial, during the preceding five years.[2]

13. A Receiving Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within five business days of delivering the request, the Receiving Party receives a written objection from LGE. Any such objection must set forth in detail the grounds on which it is based.

14. A Receiving Party that receives a timely written objection from LGE must meet and confer with LGE (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the party seeking to make the disclosure and LGE may file a joint discovery letter brief with the assigned magistrate judge requesting that the Court resolve the matter. Any such joint letter brief must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such joint letter must describe the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by LGE for its refusal to approve the disclosure. If no agreement is reached, no LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items shall be disclosed to the Expert unless or until the Court grants the Receiving Party permission to do so.

---

[2] LGE will keep the Receiving Party's written request, and all information disclosed therein, confidential and will not disclose that information to anyone outside of LGE, including any other party.

15. In any such proceeding, LGE shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

### E. Use of LGE Protected Material

16. Use of Designated Material at Depositions and During Trial Testimony. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions, hearings, and trial and may testify concerning LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

   a. A present director, officer, agent, employee and/or designated Rule 30(b)(6) witness of LGE[3] may be examined and may testify concerning LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items;

   b. A former director, officer, agent and/or employee of LGE may be interviewed, examined, and may testify concerning LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items of which he or she has prior knowledge, including any material that refers to matters of which the witness has personal knowledge, that has been produced by a party or LGE, and that pertains to the period or periods of his or her prior employment with LGE;

   c. Any other witness may be examined at deposition or otherwise testify concerning any document containing LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items that appears on its face or from other documents or testimony to have been received from or communicated to that witness as a result of any contact or relationship with LGE, or a representative of LGE; and

---

[3] Nothing in this Order addresses whether or not any such persons are the proper subjects of any subpoena.

d. At deposition, any person other than the witness, his or her attorney(s), and any person qualified to receive LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items under this Order shall be excluded from the portion of the examination concerning such information, unless LGE consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide an "Acknowledgement and Agreement to Be Bound" attached as Exhibit A to the Protective Order, and to confirm that he or she will comply with the terms of this Order and maintain the confidentiality of LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items disclosed during the course of the examination. In the event that such attorney declines to sign the "Acknowledgement and Agreement to Be Bound" prior to the examination, LGE may seek a protective order from the Court, in a motion to which the Parties will not object, prohibiting such attorney from disclosing LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items.

17. Use of Designated Material at Trial or Hearings. LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items may not be disclosed, directly or indirectly, in an open hearing without prior written consent from LGE. If the disclosing party wishes to obtain that consent from LGE, it must notify LGE's outside counsel of its intent to disclose such material at least seventy-two (72) hours in advance of such disclosure, and describe the materials to be disclosed with reasonable particularity. Otherwise, the disclosing party must first request that the courtroom be sealed, and that only those authorized to review LGE HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information or Items remain during the presentation of such material.

18. Filing of Designated Material. The provisions of Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United

States District Court for the Southern District of California and Civil Local Rule 79.2 shall govern the filing of any LGE PROTECTED MATERIAL, including, without limitation, the process by which LGE must establish that the filed material is sealable. The Parties shall give prompt notice to LGE of any LGE Protected Material that a party has lodged provisionally under seal pursuant to the terms of the Protective Order. Unless otherwise ordered by the Court, LGE shall have 7 days from the date of such notice to file with the Court and serve a declaration establishing that any such material is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality.

19. This Supplemental Protective Order incorporates by reference all provisions of the Protective Order entered by this Court in this Action to the extent not expressly referenced herein, except where there is a conflict between the terms of this Supplemental Protective Order and such Protective Order, in which case this Supplemental Protective Order shall govern.

**IT IS SO ORDERED.**

Dated: November 7, 2019

Honorable Michael S. Berg
United States Magistrate Judge