# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIC PRIVATE, LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Master File No. 3:18-cv-00463-BEN-MSB<br><br>**ORDER GRANTING PLAINTIFF'S ASSENTED-TO MOTION TO SUPPLEMENT THE PROTECTIVE ORDER** |

WHEREAS, on May 30, 2019, the Court entered a Protective Order Governing Confidential Material and a Stipulated Order re: Discovery of Electronically Stored Information and Related Discovery Matters in the above-captioned case. Docket No. 30-1 (the "Protective Order"); Docket No. 33 (Order).

WHEREAS, Intel is permitting the reproduction of documents and deposition transcripts as a third party in *In re Qualcomm Inc. Securities Litig.,* Case No. 3:17-cv-00121-BEN-MSB (S.D. Cal.) (the "Qualcomm Securities Litigation") subject to a Supplemental Protective Order Governing Production of Non-Party Intel Corporation's Protective Materials (the "Qualcomm Securities Litigation Supplemental Protective Order," Qualcomm Securities Litigation, Docket No. 126 (Oct. 7, 2019)), and Plaintiff in the above-captioned case has requested that those Intel materials be reproduced for use in this litigation;

WHEREAS, Intel Corporation ("Intel") produced documents and information and Intel employees[1] provided deposition testimony as a third party to Qualcomm Inc. ("Qualcomm") in *Federal Trade Commission v. Qualcomm Incorporated*, Case No. 17-CV-00220-LHK (N.D. Cal.)

---

[1] For purposes of this Supplemental Protective Order, "Intel witnesses" shall include current and former employees of Intel who provided deposition testimony to Qualcomm, including former employees of Via Technology.

Case No. 3:18-cv-00463-BEN-MSB     1     ORDER GRANTING PLAINTIFF'S ASSENTED-TO MOTION TO SUPPLEMENT THE PROTECTIVE ORDER

(the "FTC Litigation") subject to a Supplemental Protective Order Governing Production of Non-Party Intel Corporation's Protected Materials (the "FTC Litigation Supplemental Protective Order," FTC Litigation Docket No. 137);

WHEREAS, Intel employees also provided deposition testimony to Qualcomm as a third party in *Certain Mobile Electronic Devices & Radio Frequency & Processing Components Thereof*, Inv. No. 337-TA-1065 (ITC) and *Certain Mobile Electronic Devices & Radio Frequency & Processing Components Thereof (II)*, Inv. No. 337-TA-1093 (ITC) (collectively, the "ITC Litigations") subject to protective orders entered in those litigations;

WHEREAS, Intel produced documents, information, and provided deposition testimony in the Qualcomm Securities Litigation, the FTC Litigation, and the ITC Litigations under an expectation of confidentiality, including under the terms of the terms of the protective orders and supplemental protective orders, and that material contains highly sensitive business and trade secrets, the disclosure of which to customers, competitors, or other parties—including Qualcomm—would result in significant injury to Intel;

WHEREAS, Section 3.5 of the Protective Order states that its provisions are without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all, and Section 10.1 of the Protective Order states that its provisions should not be construed as prohibiting a Non-Party from seeking additional protections for its confidential materials;

WHEREAS, at Intel's request, Qualcomm and Plaintiff agree to modify the Protective Order with respect to "INTEL MATERIAL" (defined below) to conform to certain provisions of the FTC Litigation Supplemental Protective Order;

WHEREFORE, IT IS HEREBY ORDERED, that the terms of the Protective Order Apply to INTEL MATERIAL, except as modified herein.

A.  **<u>Definitions</u>**

1. "<u>INTEL MATERIAL</u>" includes: (1) documents produced by Intel to Qualcomm during the FTC Litigation (which were reproduced in the Qualcomm Securities Litigation); (2) transcripts of Intel witnesses' deposition testimony taken in the FTC Litigation and certain transcripts of Intel witnesses' deposition testimony taken in the ITC Litigations (and which were reproduced in the Qualcomm Securities Litigation); and (3) the portions of any other documents in Qualcomm's possession, custody or control that disclose the substance of such documents or transcripts and produced by Qualcomm pursuant to the Protective Order.

2. "<u>INTEL PROTECTED MATERIAL</u>" includes: INTEL MATERIAL designated as either INTEL HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY in the FTC Litigation or as containing CONFIDENTIAL BUSINESS INFORMATION – SUBJECT TO PROTECTIVE ORDER in the ITC Litigations (and which were reproduced with those designations in the Qualcomm Securities Litigation). For the avoidance of doubt, in the event that a deposition transcript of an Intel witness bears a variation of one of these designations, all transcripts of Intel witnesses are to be treated as INTEL PROTECTED MATERIAL.

B.  **<u>Access to And Use of Intel Material Designated "Confidential"</u>**

3. Except as modified herein, INTEL MATERIAL that was designated CONFIDENTIAL by Intel in the FTC Litigation shall be treated in accordance with the provisions of the Protective Order that govern the treatment of CONFIDENTIAL Information or Items, including, without limitation, Section 7.4.

C.  **<u>Access to And Use of Intel Protected Material</u>**

4. Except as modified herein, INTEL PROTECTED MATERIAL shall be treated in accordance with the provisions of the Protective Order that govern the treatment of HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information or Items, including, without limitation, Section 7.5.

5.      Unless otherwise ordered by the Court or permitted in writing by Intel, INTEL PROTECTED MATERIAL shall not be disclosed, directly or indirectly, to anyone except the following:

　　　　(a)　　persons who appear on the face of the Protected Material as an author, addressee, or recipient, or who are the custodians of the Protected Material;

　　　　(b)　　the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record, and any copying or clerical litigation support services working at the direction of such Outside Counsel of Record or employees thereof (1) who do not provide commercial advice (as opposed to legal advice) to Qualcomm and (2) to whom it is reasonably necessary to disclose the information for this litigation;

　　　　(c)　　Qualcomm's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record (1) who do not provide commercial advice (as opposed to legal advice) to Qualcomm and (2) to whom it is reasonably necessary to disclose the information for this litigation;

　　　　(d)　　The Court and its personnel;

　　　　(e)　　court reporters and their staff, trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A to the Protective Order;

　　　　(f)　　Experts (as defined in the Protective Order), subject to the provisions and limitations set forth in Section D herein;

　　　　(g)　　witnesses as permitted in Paragraph 11 of this Order;

　　　　(h)　　any mediator who is assigned to hear these Actions, and his or her staff, subject to the agreement to maintain confidentiality to the same degree as required by this Protective Order; and

　　　　(i)　　any other person upon Order of the Court.

6. Each person to whom INTEL MATERIAL may be disclosed, and who is required to sign the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A to the Protective Order shall do so, prior to the time such INTEL MATERIAL is disclosed to him or her. Counsel for a Party who makes such a disclosure shall provide the recipient a copy of this Order as well as the Protective Order. Counsel for a Party who makes any disclosure of INTEL MATERIAL requiring the execution of the acknowledgement in Exhibit A shall retain each original executed acknowledgement and, upon written request, shall provide copies to counsel for all other parties at the termination of this action.

**D.    Access by Experts**

7. Unless otherwise ordered by the Court or agreed to in writing by Intel, a Receiving Party that seeks to disclose to an Expert (as defined in the Protective Order) INTEL PROTECTED MATERIAL in addition to the provisions laid out in the Protective Order in Section 7.6, first must make a written request by email to counsel of record for Intel that (1) identifies the general categories of INTEL PROTECTED MATERIAL or INTEL MATERIAL designated Confidential that the Receiving Party seeks permission to disclose to the Expert, and (2) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years.[2][3]

8. A Receiving Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject INTEL PROTECTED MATERIAL or INTEL MATERIAL designated Confidential to the identified Expert unless, within 14 days of delivering

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Receiving Party seeking to disclose to the Expert shall be available to meet and confer with Intel regarding any such engagement.

[3] Intel will keep the Receiving Party's written request, and all information disclosed therein, confidential and will not disclose that information to anyone outside of Intel, including any other Party.

Case No. 3:18-cv-00463-BEN-MSB    5    ORDER GRANTING PLAINTIFF'S ASSENTED-TO MOTION TO SUPPLEMENT THE PROTECTIVE ORDER

the request, the Receiving Party receives a written objection from Intel. Any such objection must set forth in detail the grounds on which it is based.

9. A Receiving Party that receives a timely written objection from Intel must meet and confer with Intel (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7.1 (and in compliance with the Court's procedure for filing sealed documents, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by Intel for its refusal to approve the disclosure. If no agreement is reached, no INTEL PROTECTED MATERIAL shall be disclosed to the Expert unless or until the Court grants the Receiving Party permission to do so.

10. In any such proceeding, Intel shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**E.    Use of Protected Material**

11. Use of Designated Material at Depositions and During Trial Testimony. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions, hearings and trial and may testify concerning INTEL PROTECTED MATERIAL of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a) A present director, officer, agent, employee and/or designated Rule 30(6)(b) witness of Intel may be examined and may testify concerning INTEL PROTECTED MATERIAL;

(b) A former director, officer, agent and/or employee of Intel may be interviewed, examined and may testify concerning INTEL PROTECTED MATERIAL of which he or she has prior knowledge, including any material that refers to matters of which the witness has personal knowledge, which has been produced by Qualcomm and which pertains to the period or periods of his or her prior employment with Intel;

(c) Any other witness may be examined at deposition or otherwise testify concerning any document containing INTEL PROTECTED MATERIAL which appears on its face or from other documents or testimony to have been received from or communicated to that witness as a result of any contact or relationship with Intel, or a representative of Intel; and

(d) At deposition, any person other than the witness, his or her attorney(s), and any person qualified to receive INTEL PROTECTED MATERIAL under this Order shall be excluded from the portion of the examination concerning such information, unless Intel consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide an "Acknowledgment and Agreement to be Bound" attached as Exhibit A to the Protective Order, and to confirm that he or she will comply with the terms of this Order and maintain the confidentiality of INTEL PROTECTED MATERIAL disclosed during the course of the examination. In the event that such attorney declines to sign the "Acknowledgment and Agreement to be Bound" prior to the examination, Intel may seek a protective order from the Court, in a motion to which the Parties will not object, prohibiting such attorney from disclosing INTEL PROTECTED MATERIAL.

**F.  Use at Trial or Hearings**

12. INTEL PROTECTED MATERIAL may not be disclosed, directly or indirectly, in an open hearing without prior written consent from Intel. If the disclosing party wishes to obtain that consent from Intel, it should notify Intel's counsel of its intent to disclose such material at least seventy-two (72) hours in advance of such disclosure, and describe the materials to be disclosed with reasonable particularity. Otherwise, the disclosing party must first request that the courtroom be sealed, and that only those authorized to review INTEL PROTECTED MATERIAL remain during the presentation of such material.

13. This Supplemental Protective Order incorporates by reference all provisions of the Protective Order entered by this Court on May 30, 2019 (Docket Nos. 30-1) to the extent not expressly referenced herein, except where there is a conflict between the terms of this Supplemental Protective Order and the Protective Order, in which case this Supplemental Protective Order shall govern.

**IT IS SO ORDERED.**

Dated: December 12, 2019

Honorable Michael S. Berg
United States Magistrate Judge