**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GIC PRIVATE LIMITED,<br><br>           Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>           Defendant. | Case No.: 3:18-cv-00463-BEN-MSB<br>Related Case No.: 3:17-cv-00121-TWR-MSB<br><br>**ORDER GRANTING CHRISTOPHER STUDEBAKER'S MOTION FOR WITHDRAWAL AS COUNSEL**<br><br>**[ECF No. 82]** |

## I. INTRODUCTION

Plaintiff GIC Private Limited ("Plaintiff") brings this action for violation of federal securities laws against Defendant Qualcomm Incorporated ("Defendant"). ECF No. 1.

Before the Court is the Motion to Withdraw as Counsel of Record of Christopher S. Studebaker, formerly of Kirby McInerney LLP, and counsel of record for Plaintiff (the "Motion"). ECF No. 82. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Motion.

## II. BACKGROUND

On March 2, 2018, Plaintiff filed its complaint against Defendant, alleging one claim for violation for violation of Section 10(b) of the Exchange Act and SEC Rule 10b-5. ECF No. 1. Plaintiff alleges, *inter alia*, that Defendant falsely represented that it

licensed its standard-essential patents on a non-discriminatory basis to the entire cellular communications industry.  *Id.* at 7, ¶ 3.

## III.   LEGAL STANDARD

An attorney may not withdraw as counsel except by leave of court, permitting the party to either appear on the party's own behalf or substitute other counsel in as counsel of record.  S.D. Cal. Civ. R. 83.3(f)(1); *see also P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. June 4, 2020).  Under the Local Rules, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3."  S.D. Cal. Civ. R. 83.3(k).  "All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3."  *Id.*; *see also Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney.").  Thus, courts may not grant a motion to withdraw filed by counsel for a corporate entity unless the attorney and/or corporate entity have arranged for qualified replacement counsel to substitute in as counsel of record.  *See, e.g.*, S.D. Cal. Civ. R. 83.3(k).

A motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties.  S.D. Cal. Civ. R. 83.3(f)(3).  "Failure to . . . file the required declaration of service will result in a denial of the motion."  S.D. Cal. Civ. R. 83.3(f)(3)(b).  California law governs issues of ethics and professional responsibility in federal courts.  *See, e.g.*, *Radcliffe v. Hernandez*, 818 F.3d 537, 541 (9th Cir. 2016) ("California law governs questions of conflicts of interest and disqualification"); *see generally* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 1 cmt. b (2000) ("Federal district courts generally have adopted the lawyer code of the jurisdiction in which the court sits, and all federal courts exercise the power to regulate lawyers appearing before them.");

*but see Unified Sewerage Agency of Washington Cty., Oregon v. Jelco, Inc.*, 646 F.2d 1339, 1342 n.1 (9th Cir. 1981) ("We express no opinion on the law to apply where the district court has not designated the applicable rules of professional responsibility (*e.g.*, state law, the Model Code of Professional Responsibility, or a federal common law of professional responsibility)."). Under Rule 1.16 of California's Rules of Professional Conduct, effective June 1, 2020, subdivision (a) governs mandatory withdrawal while subdivision (b) governs permissive withdrawal.

"It is the duty of the trial court to see that the client is protected, so far as possible, from the consequences of an attorney's abandonment." *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (denying motion to withdraw where corporation would be left unrepresented by counsel) (citations omitted). "[C]onclusory assertions that there was a communication breakdown is not sufficient to warrant withdrawal." *Amazon Logistics, Inc. v. Mann Bros. Transp., Inc.*, No. 1:19-cv-01060-DAD-SAB, 2020 WL 2194005, at *4 (E.D. Cal. May 6, 2020). At the same time, the attorney must "preserve client confidences even when seeking to be relieved as counsel." Tuft, Mark L., et al., Cal. Prac. Guide Prof. Resp., Ch. 10-B (Dec. 2019); *see also* Cal. State Bar Form. Opn. 2015-192 (decided under former rule, providing that an attorney may disclose to court only as much as reasonably necessary to demonstrate need to withdraw).

## IV.  DISCUSSION

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, No. 11-cv-2540-IEG-WVG, 2013 WL 163420 (S.D. Cal. Jan. 14, 2013); *see also Bernstein v. City of Los Angeles*, No. CV1903349PAGJSX, 2020 WL 4288443, at *1–2 (C.D. Cal. Feb. 25, 2020) (same).

In the present case, Mr. Studebaker does not specify whether withdrawal is being

sought under subdivision (a) or (b) of Rule 1.16 of the California Rules of Professional Conduct, but the facts argued indicate withdrawal is sought under subdivision (b). Under subdivision (b), an attorney may (but not must) withdraw from representing a client where (1) "a continuation of the representation is likely to result in a violation of these rules or the State Bar Act," (2) the attorney "believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal," (3) the client (a) "insists upon presenting a claim or defense in litigation . . . that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law," (b) "either seeks to pursue a criminal or fraudulent course of conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes was a crime or fraud," (c) "insists that the lawyer pursue a course of conduct that is criminal or fraudulent," (d) "by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively," (e) "breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation," or (f) "knowingly and freely assents to termination of the representation." Cal. R. Prof. Conduct, Rule 1.16(b).  Subdivision (c) provides that "[i]f permission for termination of a representation is required by the rules of a tribunal, a lawyer shall not terminate a representation before that tribunal without its permission."  Cal. R. Prof. Conduct, Rule 1.16(c).  Finally, subdivision (d) requires that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct, Rule 1.16(d).

      Here, Mr. Studebaker moves to withdraw on the basis that he "has resigned from his position with Kirby McInerney LLP." ECF No. 82 at 1, ¶ 1.  Although he does not indicate whether the client consents to the withdrawal, he makes clear that (1) "Kirby McInerney LLP, through the undersigned counsel of record [Ira M. Press], continues to

serve as counsel for Plaintiff," *id.* at 1, ¶ 2, and (2) Ira M. Press "will serve a copy of this motion on Plaintiff in accordance with Southern District of California Local Civil Rule 83.3(f)(3)," *id.* at 2, ¶ 3.  As such, it appears his withdrawal will not cause prejudice to his client or any other parties.  Further, withdrawal will not delay resolution of this case.

## V.  CONCLUSION

For the above reasons, the Court **GRANTS** the Motion as follows:

1. Christopher S. Studebaker's Motion to Withdraw as Counsel of Record is **GRANTED**.

2. The law firm of Kirby McInerney LLP shall continue to serve as counsel for Plaintiff and shall immediately serve Plaintiff and Christopher S. Studebaker with a copy of this Order and thereafter file a proof of service to confirm the same.

3. The Clerk of Court shall update the docket to reflect the withdrawal of Christopher S. Studebaker as counsel of record for Plaintiff.

**IT IS SO ORDERED.**

DATED:   December 14, 2020

**HON. ROGER T. BENITEZ**
United States District Judge